JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Shawn Blas

**DEFENDANTS**

Michelle Lujan Grisham, Patrick M. Allen, The Office of the Governor of NM and NM Dept of Health

**(b)** County of Residence of First Listed Plaintiff   Bernalillo
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marc M. Lowry, Rothstein Dontatelli LLP, 500 4th St. Ste 400, Albuq, NM; 505-243-1443

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane   [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product     Product Liability | |     28 USC 157 |     3729(a)) |
| [ ] 140 Negotiable Instrument |     Liability   [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
|     & Enforcement of Judgment |     Slander     Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'     Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted |     Liability   [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
|     Student Loans | [ ] 340 Marine     Injury Product | |     New Drug Application | [ ] 470 Racketeer Influenced and |
|     (Excludes Veterans) | [ ] 345 Marine Product     Liability | | [ ] 840 Trademark |     Corrupt Organizations |
| [ ] 153 Recovery of Overpayment |     Liability   **PERSONAL PROPERTY** | | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
|     of Veteran's Benefits | [ ] 350 Motor Vehicle   [ ] 370 Other Fraud | **LABOR** |     Act of 2016 |     (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle   [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract |     Product Liability   [ ] 380 Other Personal |     Act | **SOCIAL SECURITY** |     Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal     Property Damage | [ ] 720 Labor/Management | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |     Injury   [ ] 385 Property Damage |     Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury -     Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) |     Exchange |
| |     Medical Malpractice | [ ] 751 Family and Medical | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** |     Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights   **Habeas Corpus:** | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting   [ ] 463 Alien Detainee | [ ] 791 Employee Retirement | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment   [ ] 510 Motions to Vacate |     Income Security Act | [ ] 870 Taxes (U.S. Plaintiff |     Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/     Sentence | |     or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability |     Accommodations   [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -   [ ] 535 Death Penalty | **IMMIGRATION** |     26 USC 7609 |     Act/Review or Appeal of |
| |     Employment   **Other:** | [ ] 462 Naturalization Application | |     Agency Decision |
| | [ ] 446 Amer. w/Disabilities -   [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| |     Other   [ ] 550 Civil Rights |     Actions | |     State Statutes |
| | [ ] 448 Education   [ ] 555 Prison Condition | | | |
| |   [ ] 560 Civil Detainee - | | | |
| |     Conditions of | | | |
| |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C 1983

Brief description of cause:
Verified Class Action to challenge unconstitutionality of State Order

## VII. REQUESTED IN COMPLAINT:

[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER   1:23-CV-00771

DATE   September 10, 2023

SIGNATURE OF ATTORNEY OF RECORD   /s/ Marc M. Lowry

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

SHAWN BLAS,

     *Plaintiff,*

                                   Case No. _____

vs.

MICHELLE LUJAN GRISHAM, in her capacity
as the Governor of New Mexico as well as in her
individual capacity,
THE OFFICE OF THE GOVERNOR
OF NEW MEXICO,
PATRICK M. ALLEN, in his capacity as the
Secretary of the New Mexico Department of
Health as well as in his individual capacity, and
THE NEW MEXICO DEPARTMENT OF HEALTH,

     *Defendants.*

**VERIFIED CLASS ACTION COMPLAINT**
**&**
**REQUEST FOR AN EMERGENCY TEMPORARY RESTRAINING ORDER**
**AND, ULTIMATELY, A PERMANENT INJUNCTION PREVENTING ENFORCMENT**
**OF EXECUTIVE ORDER 2023-130 AND THE PUBLIC HEALTH ORDER ENTITLED**
**"PUBLIC HEALTH EMERGENCY ORDER IMPOSING TEMPORARY FIREARM**
**RESTRICTIONS, DRUG MONITORING AND OTHER PUBLIC SAFETY**
**MEASURES," DATED SEPTEMBER 8, 2023 INSOFAR AS THOSE ORDERS**
**CONCERN THE RIGHT TO BEAR ARMS IN PUBLIC PLACES**

*"Those who would give up essential liberty, to purchase a little*
*temporary safety, deserve neither liberty nor safety."*

**Benjamin Franklin**

BACKGROUND FACTS

1.     Shawn Blas, by and through his attorney of record, brings this action on behalf of himself and all others similarly situated, against Michelle Lujan Grisham and Patrick M. Allen, in their official capacities as the Governor of New Mexico and the Secretary of the New Mexico Department of Health, respectively, as well as in their individual capacities, and the public bodies that employ them.

2.     This is a civil rights class action suit brought under 42 U.S.C. § 1983 on behalf of all persons, like Shawn Blas, who either live in or may visit the locations described in paragraph 1 of the Public Health Order entitled "Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring and Other Public Safety Measures" signed by Patrick M. Allen in his official capacity as the Secretary of the New Mexico Department of Health on September 8, 2023 (hereinafter "PHO," attached here as Exhibit 1).

3.     Paragraph (1) (A) to (E) on pages 1 to 2 of the PHO state:

> No person, other than a law enforcement officer or licensed security officer, shall possess a firearm, as defined in NMSA 1978, Section 30-7-4.1, either open carry or concealed, within cities or counties averaging 1,000 or more violent crimes per 100,000 residents per year since 2021 according to Federal Bureau of Investigation's Uniform Crime Reporting Program AND more than 90 firearm-related emergency department visits per 100,000 residents from July 2022 to June 2023 according to New Mexico Department of Public Health, except:
>
> A.   On private property owned or immediately controlled by the person;
>
> B.   On private property that is not open to the public with the express permission of the person who owns or immediately controls such property;
>
> C.   While on the premises of a licensed firearms dealer or gunsmith for the purpose of lawful transfer or repair of a firearm;

D.   While engaged in the legal use of a firearm at a properly licensed firing range or sport shooting competition venue; or

E.   While traveling to or from a location listed in Paragraphs (1) through (4) of this section; provided that the firearm is in a locked container or locked with a firearm safety device that renders the firearm inoperable, such as a trigger lock.

4.      Aside from the four locations listed on pages 1-2 and paragraphs (1)(A) to (1)(D) of the PHO, ordinary, law-abiding citizens are prohibited from bearing arms for self-defense in otherwise non-sensitive public places by the PHO and the Executive Order 2023-130 (attached here as Exhibit 2).

5.      At all times related to this complaint, Patrick M. Allen was employed by the New Mexico Department of Health, and was acting on behalf of, under color of or within the course and scope of the authority of the New Mexico Department of Health.

6.      On September 7, 2023, Michelle Lujan Grisham, in her individual capacity and also in her official capacity as the Governor of New Mexico, made the PHO possible by signing Executive Order 2023-130; an Executive Order declaring a public health emergency due, in part, to criminal gun violence and directed the Secretary of the New Mexico Department of Health, Patrick M. Allen, to collaborate with the Governor's Office to provide "an effective and coordinated response to this public health emergency."  *See* Executive Order 2023-130, p. 2, ¶ 1.

7.      In addition, Michelle Lujan Grisham, in her individual capacity and in her official capacity as the Governor of New Mexico, ordered and directed that all "political subdivisions of the State shall comply with and enforce all directives issued pursuant to this Order."  *See* Executive Order 2023-130, p. 3, ¶ 4.

8.      On September 7, 2023, Executive Order 2023-130 went into effect "immediately" and is to remain in effect "until October 6, 2023."  *See* Executive Order 2023-130, p. 3, ¶ 1.

3

9. At all relevant times related to this verified complaint, Michelle Lujan Grisham was the current occupant of the Office of the Governor for the State of New Mexico, and acting on behalf of, under color of or within the course and scope of the authority of the Office of the Governor of New Mexico.

10. While the goal enhancing public health is laudable, the methodology employed by the orders at the heart of this case and signed by New Mexico's highest State officials violate the clearly established constitutional rights of individuals, like Shawn Blas, who live and work in locations effected by these orders, such as Albuquerque, New Mexico.

11. These orders effectively eviscerate the rights of citizens who desire to lawfully exercise their Second Amendment right to bear firearms for self-defense outside of their homes without fear of reprisal or punishment by government officials who want to curtail those same constitutional rights.

12. The PHO instills a reasonable fear of punishment or reprisal for law-abiding citizens like Shawn Blas and other similarly situated individuals because it clearly states that any "person or entity who willfully violates this Order may be subject to civil administrative penalties available at law." *See* PHO, p. 3, ¶ 4.

13. In fact, the Executive Order 2023-130 that Michelle Lujan Grisham signed orders and directs that all "political subdivisions of the State shall comply with and enforce all directives issued pursuant to this Order." *See* Executive Order 2023-130, p. 3, ¶ 4.

14. These orders eviscerate the right to carry firearms for self-defense by demanding that any weapon being transported to or from one of the four enumerated places where one can possess a functioning firearm, *see* PHO, pp.1-2, ¶ (1)(A)-(D), be transported "in a locked

container or locked with a firearm safety device that renders the firearm inoperable, such as a trigger lock," *see* PHO, p. 2, ¶ (1)(E).

15.     These restrictions create an unconstitutional burden on any individual, like Plaintiff Shawn Blas or any other similarly situated individual, who desires to use a firearm to protect themselves from any form of violence or criminal activity while travelling to or from one of the four enumerated locations in the PHO, the only four places where it is permissible hold and fire a functioning firearm withing the prohibited locations outlined in the PHO.

16.     Obviously, having a firearm in a locked box in one's car does not adequately allow one to swiftly exercise one's right self-defense the way having a loaded firearm on your person provides when an exigent situation demands a rapid defensive use of force.

17.     These orders also unconstitutionally limit the rights of individuals to carry firearms in public places that are not one of the four enumerated locations in the PHO, but yet are not sensitive public places where firearm possession can be lawfully curtailed.

18.     For instance, just last summer the United States Supreme Court clearly and unambiguously held "that the Second and Fourteenth Amendments protect an individual's right to carry a handgun for self-defense outside the home." *See New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022).

19.     In arriving at this holding, the highest court in our country explicitly stated the "constitutional right to bear arms in public for self-defense is not 'a second-class right, subject to an entirely different body of rules than the other Bill of Rights guarantees.'" *Id*. 142 S. Ct. at 2156 (*citing McDonald v. Chicago*, 561 U.S. 742, 780 (2010)).

20.     The Supreme Court also held that governments could not declare entire cities (or counties for that matter) to be "sensitive places" where "the government may lawfully disarm law-abiding citizens." *Id*., 142 S. Ct. at 2133.

21.     In fact, our highest court declared that "expanding the category of 'sensitive places' simply to all places of public congregation that are not isolated from law enforcement defines the category of 'sensitive places' far too broadly." *Id*., 142 S. Ct. at 2134.

22.     The Supreme Court held that there "is no historical basis for New York to effectively declare the island of Manhattan a 'sensitive place' simply because it is crowded and protected generally by the New York City Police Department." *Id*., 142 S. Ct. at 2134.

23.     Yet that is precisely what Michelle Lujan Grisham and Patrick M. Allen have attempted to do and have done with Executive Order 2023-130 and the September 8, 2023 PHO: declare large swaths of public areas like the City of Albuquerque and other cities and counties in New Mexico to be areas where law abiding citizens are disarmed despite having violated no other law.

24.     Such governmental action is prohibited in our Republic.

25.     Under our constitutional structure, the right of individuals, like Shawn Blas, to "wear, bear, or carry upon the person or in the clothing or in a pocket, for purposes of being armed and ready for offensive or defensive action in case of a conflict with another person" is a right guaranteed under the Second Amendment. *Id*. 142 S. Ct. at 2134 (internal ellipses omitted).

26.     Unfortunately, Michelle Lujan Grisham and Patrick M. Allen violated the clearly established constitutional rights of individuals like Shawn Blas, as well as others similarly situated, by unlawfully executing Executive Order 2023-130 and the September 8, 2023 PHO; orders seeking to prevent law-abiding citizens from bearing arms.

27.     These individuals, despite whatever public health goals they may have had, violated their formal oaths of office to uphold the constitution and laws of the United States when instituting these unconstitutional restrictions on a law-abiding citizen's right to bear arms.

28.     These individual Defendants, under the guise of official government action and using the color of state law, sought to limit the historical right to bear arms for self-defense in non-sensitive public places in New Mexico.

29.     Under the PHO, for instance, "any person who willfully violates this Order may be subject to civil administrative penalties available at law."  *See* PHO, p. 3, ¶ 4.

30.     The penalties outlined in the PHO are unconstitutional.

31.     The issue in this case is a pure legal issue addressing the constitutionality of the PHO and Executive Order 2023-130.

32.     This Court can lawfully issue an *ex parte* temporary restraining order under Fed. R. Civ. P. 65(b) without notice to an opposing party when "specific facts in" a "verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

33.     In this case, Plaintiff Shawn Blas, as well as others similarly situated, is and has been irreparably injured by Executive Order 2023-130 and the September 8, 2023 PHO because those orders declare that he, as well as other law abiding citizens, cannot carry a firearm for self-defense in the City of Albuquerque, as well as other unknown and publicly undiscernible locations, when travelling in ordinary non-sensitive public places; those orders also unlawfully threaten to punish him and other similarly situated individuals for doing so.

34.     The injury to Plaintiff Shawn Blas, and the irreparable damage to his constitutional right to bear arms for self-defense in non-sensitive public places, is current and ongoing, as it is for other similarly situated individuals.

35.     Plaintiff Shawn Blas should not have to suffer the indignity or consequence of being punished by State officials for exercising his constitutionally guaranteed right to bear firearms in self-defense in non-sensitive public places because the individual Defendants, who are acting under the color of state law, whether they are acting in their official or individual capacity, are reaching far beyond their limited powers by limiting the right to bear arms.

36.     The irreparable injury to Plaintiff Shawn Blas and others similarly situated are so obvious and concrete that this Court is well within its right to issue an *ex parte* emergency temporary restraining order enjoining the implementation of Executive Order 2023-130 and the September 8, 2023 PHO as far as those orders limit the Second Amendment rights guaranteed to Plaintiff Shawn Blas and others similarly situated.

37.     Tellingly, Sam Bregman, who has been appointed as both the District Attorney for the Second Judicial District in Albuquerque and as the Chairman of New Mexico's Organized Crime Commission by Governor Michelle Lujan Grisham, has commented on these orders as follows:  "As an officer of the court, I cannot and will not enforce something that is clearly unconstitutional."[1]

38.     In short, the unconstitutionality of these orders is widely accepted and should not be tolerated by the Court.

---

[1] *See* https://www.huffpost.com/entry/albuquerque-guns-new-mexico_n_64fd382fe4b043f73bc10a3e (last visited on September 9, 2023).

39.     Plaintiff Shawn Blas informed undersigned counsel about his desire to bring suit

on his behalf as well as others similarly situated after the executive order and PHO became

widely reported on Saturday, September 9, 2023.  Due to the lack of office hours for government

employees over the weekend, undersigned counsel has been unable to reach the Michelle Lujan

Gisham or Patrick M. Allen at their usual place of employment to provide them with notice

about this filing.  Given the clearly established constitutional protections at stake and the

irreparable unlawful deprivation of those rights by these individual Defendants, acting both in

their individual capacity and in their capacity as government officials, the Court should excuse

formal notice under the circumstances and issue an *ex parte* emergency temporary restraining

order enjoining the enforcement of these order for fourteen (14) days under Fed. R. Civ. P.

65(b)(2) insofar as these orders impact the right to bear arms in non-sensitive public places.

40.     Plaintiff Shawn Blas acknowledges that injunctive relief, especially in the form of

an *ex parte* emergency temporary restraining order, is an extraordinary remedy and that he must

demonstrate a "clear and unequivocal right" to have his request for an emergency temporary

restraining order granted.  *See People's Tr. Fed. Credit Union v. Nat'l Credit Union Admin. Bd*.,

350 F. Supp. 3d. 1129, 1138 (D.N.M. 2018).

41.     Nevertheless, Plaintiff Shawn Blas contends that he has met this high burden

given the unequivocal holding in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S.

Ct. 2111, 2122 (2022) protecting his right to bear arms in non-sensitive public places.

42.     The Supreme Court decision in *Bruen* establishes that Plaintiff Shawn Blas and

others similarly situated have shown (1) a likelihood of success on the merits; (2) a likelihood

that [he] will suffer irreparable harm if the injunction is not granted; (3) the balance of equities is

in [his] favor; and (4) the [temporary] injunction is in the public interest." *See Republican Party of N.M. v. King*, 741 F.3d 1089, 1092 (10th Cir. 2013).

43.    It cannot be argued with any force that individuals who knowingly violate the constitutional rights of our citizens and who use the color of state law and the authority of their public office to do so are ever acting in the public interest.

44.    Michelle Lujan Grisham has been quoted in the media as stating, "No constitutional right, in my view, including my oath, is intended to be absolute."[2]

45.    Yet, Michelle Lujan Grisham's views are directly at odds established law.

46.    In the *Bruen* decision, the Court "declined to engage in means-end scrutiny because the very enumeration of the right takes out of the hands of government – even the Third Branch of Government – the power to decide to decide on a case-by-case basis whether the right is *really worth* insisting upon." *Bruen*, 142 S. Ct. at 2129 (emphasis in original).

47.    The *Buren* Court reaffirmed the point – which is directly at odds with Michelle Lujan Grisham's belief that the right to bear arms has some untapped flexibility – that a "constitutional guarantee subject to future judges' assessments of its usefulness is no constitutional guarantee at all." *Id.*

48.    Given the substantial likelihood that Plaintiff Shawn Blas as well as other similarly situated will prevail on the merits of this case, the likelihood that he will suffer irreparable harm if an *ex parte* emergency temporary restraining order is not granted, and the balance of equities in his favor (as is the public interest), Plaintiff Shawn Blas, on behalf of others similarly situated, asks the Court to impose a security bond of no more than $5 to pay the

---

[2]  *See* https://abcnews.go.com/US/governor-suspends-carry-firearms-public-albuquerque-due-gun/story?id=103055114 (last visited on September 10, 2023).

costs and damages that may be sustained by any party found to have been wrongfully enjoined or restrained under Fed. R. Civ. P. 65(c).

49.     Likewise, Plaintiff Shawn Blas, on behalf of others similarly situated, asks that the motion for a preliminary injunction following an *ex parte* emergency temporary restraining order be set for a hearing at the earliest possible time under Fed. R. Civ. P. 65(b)(3).

PARTIES

50.     Plaintiff Shawn Blas is former law enforcement officer, a citizen of New Mexico and a resident of Albuquerque, New Mexico, a City that apparently is a target of Executive Order 2023-130 and the September 8, 2023 PHO.

51.     Defendant Michelle Lujan Grisham is an individual citizen of New Mexico who also happens to be the duly elected Governor of New Mexico; she is the author and signatory of Executive Order 2023-130 declaring a public health emergency due to illegal gun violence in New Mexico; yet Michelle Lujan Grisham, rather than prosecuting the criminals who commit gun crimes, has unconstitutionally used the color of state law and the power of her office to issue Executive Order 2023-130 and in so doing directed the Secretary of the New Mexico Department of Health to "immediately begin collaborating with my Office to provide an effective and coordinated response to this public health emergency."  *See* Executive Order 2023-130, p. 2, ¶ 1.

52.     Defendant Patrick M. Allen is an individual citizen of New Mexico who also happens to be the duly appointed Secretary of the New Mexico Department of Health; he is the author and signatory of the September 8, 2023 PHO entitled "Public Health Emergency Order Imposing Temporary Firearm Restrictions, Drug Monitoring, and Other Public Safety Measures." Patrick M. Allen conspired and confederated – in his individual and official capacity – with Michelle Lujan Grisham who was likewise acting in her individual capacity and in her

11

capacity as the Governor of New Mexico to unconstitutionally declared all public spaces defined on page 1, paragraph 1 of the PHO to be effectively "sensitive areas" where citizens would be disarmed and stripped of their right to bear arms in public even though those rights are enshrined in our constitution as articulated by our Supreme Court.

## CLASS ACTION ALLEGATIONS

53.    Under Rules 23(a), 23(b)(2) and/or 23(b)(3) of the Federal Rules of Civil Procedure, Plaintiff Shawn Blas brings this action on behalf of himself and anyone else who lives in or travels through the locations defined on page 1, paragraph 1 of the September 8, 2023 PHO; the class is defined as follows:

> All law-abiding persons who reside in or travel through the locations defined on page 1, paragraph 1 of the September 8, 2023 PHO from September 7, 2023 to October 6, 2023 who are subject to the declaration of a public emergency due to gun violence under Executive Order 2023-130 but desire to bear arms for the purpose of self-defense in non-sensitive public places; excluded from this class are the Defendants, their co-conspirators, agents, and legal representatives; class counsel and their employees, the judicial officers and their immediate family members and associated court staff assigned to the case; and all persons within the third degree of relationship to any such persons.

## JURISDICTION AND VENUE

54.    This Court has original federal jurisdiction under 42 U.S.C. § 1983 and 28 U.S.C. § 1331 because the issues in this suit arise "under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. § 1331.

55.    Venue is proper in this federal judicial district because all parties are residents of this federal judicial district and a substantial number of events that formed the basis of this action occurred here.  *See* 28 U.S.C. § 1391(b).

## COUNT 1

### THE UNCONSITITUTIONAL DEPRIVATION OF THE SECOND AMENDMENT RIGHT TO BEAR ARMS FOR SELF DEFENSE IN NON-SENSITIVE PUBLIC PLACES AS APPLIED TO THE STATE OF NEW MEXICO UNDER THE FOURTEENTH AMENDMENT

*(Against Michelle Lujan Grisham in her official capacity as Governor of New Mexico as well as in her individual capacity and against Patrick M. Allen in his official capacity as the Secretary of the New Mexico Department of Health as well as in his individual capacity)*

56.     Paragraphs 1 through 55 of this Verified Complaint are incorporated and included in this Count.

57.     Defendants did author and sign official government proclamations that made and make it possible for other state officials to unconstitutionally punish Plaintiff Shawn Blas and others similarly situated for carrying firearms for self-defense in non-sensitive public places.

58.     Defendants did attempt and have sought to unconstitutionally deprive Plaintiff Shawn Blas, and others similarly situated, of his constitutional right to bear arms in public by authoring and signing Executive Order 2023-130 and the September 8, 2023 PHO.

59.     Plaintiff Shawn Blas and others similarly situated have been and continue to be irreparably harmed by those public orders, signed by individuals acting under the color of state law as well as in their official capacities.

60.     Given the state of clearly established constitutional law on the issue of bearing arms in non-sensitive public places as articulated by our Supreme Court, Plaintiff Shawn Blas and others similarly situated have shown a clear and unequivocal right to have their right to bear arms in public restored and Executive Order 2023-130 and the September 8, 2023 PHO declared unconstitutional as it applies to their right to bear arms.

13

61.     Defendants, acting individually under the color of state law, as well as in their official capacities, attempted to cause and/or caused Plaintiff Shawn Blas and others similarly situated to be deprived of their constitutional right to bear arms in non-sensitive public places for the purpose of self-defense under the Second Amendment as applied to the State of New Mexico under the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

## COUNT II

THE UNCONSITITUTIONAL DEPRIVATION OF THE RIGHT TO BEAR ARMS
FOR SELF DEFENSE IN NON-SENSITIVE PUBLIC PLACES UNDER
ARTICLE II, § 6 OF THE NEW MEXICO CONSTITUTION AND NMSA 1978, § 41-4A-3(A)

*(Against the Office of the Governor of New Mexico and the New Mexico Department of Health)*

62.     Paragraphs 1 through 61 of this Verified Complaint are incorporated and included in this Count.

63.     Under the interstitial approach to New Mexico's state constitutional interpretation, a state constitutional provision is violated if the conduct of a state actor has violated the federal constitution.

64.     In other words, the federal constitution provides a starting point from which New Mexico's constitutional rights can only grow more broadly to protect individual rights.

65.     Given that the individual Defendants in this matter have, using the color of state law and acting within the course and scope of the authority of a public body, violated the Second and Fourteenth Amendments to the United States Constitution, New Mexico's constitutional right to bear arms has also been violated.

66.     Article II, § 6 of New Mexico's constitution states:

> No law shall abridge the right of the citizen to keep and bear arms for security and defense, for lawful hunting and recreational use and other lawful purposes . . . .

14

67.     Under New Mexico's interstitial approach to constitutional interpretation, having the right to bear arms for security and defense for citizens applies to non-sensitive public locations in New Mexico, notwithstanding the attempt by Executive Order 2023-130 and the September 8, 2023 PHO to strip law-abiding of those rights.

68.     Accordingly, the Office of the Governor and the New Mexico Department of Health are liable for the acts and omission of the employees within those public bodies under state law. *See* NMSA 1978, § 41-4A-3 (2021).

69.     Although formal notice of New Mexico Civil Rights claims must be given a public body before jurisdiction attaches, when "the governmental entity had actual notice of the occurrence" the notice provision is waived.

70.     Given the national outcry over the actions of Michelle Lujan Grisham and Patrick M. Allen and intense media scrutiny that has swiftly followed the implementation of last week's orders, the Office of the Governor and the New Mexico Department of Health have had more than ample notice of the harm they have inflicted on the constitutional rights of New Mexicans.

### COUNT III

THE DUE PROCESS CLAUSES OF THE FEDERAL AND STATE CONSTITUTIONS PREVENT IMPLEMENTATION OF EXECUTIVE ORDER 2023-130 AND THE SEPTEMBER 8, 2023 PHO BECAUSE THE LOCATIONS DESCRIBING WHERE THE RIGHT TO BEAR ARMS IS PROHIBITED ARE UNCONSTITIONALLY VAGUE

*(Against all Defendants)*

71.     Paragraphs 1 through 55 of this Verified Complaint are incorporated and included in this Count.

72.     When individuals or public entities author affirmative law seeking to govern the conduct of the citizens of a state or the United States, they have a duty to describe the prohibited

conduct with sufficient particularity that a person of ordinary intelligence can understand what conduct is illegal.

73.     The PHO describes the places were the right to bear arms in public is prohibited as follows:

> No person, other than a law enforcement officer or licensed security officer, shall possess a firearm, as defined in NMSA 1978, Section 30-7-4.1, either open carry or concealed,  within cities or counties averaging 1,000 or more violent crimes per 100,000 residents per year since 2021 according to Federal Bureau of Investigation's Uniform Crime Reporting Program AND more than 90 firearm-related emergency department visits per 100,000 residents from July 2022 to June 2023 according to New Mexico Department of Public Health . . . .

74.     No person of ordinary intelligence can read this language and possibly understand if the ground they are standing on or travelling through falls with these orders' prohibitions for the right to bear arms.

75.     Reasonable people do not know what cities or counties have averaged 1,000 or more violent crimes per 100,000 residents per year since 2021 according to the Federal Bureau of Investigations AND also have more than 90 firearm-related emergency department visits per 100,000 residents from July 2022 to June 2023.

76.     This language is pure bureaucratic gobbledygook; it is, for people of ordinary intelligence, impossible to understand without committing one's self to exhaustive research that they may or may not be able to locate.

77.     This kind of language, especially when the constitutional rights of law-abiding citizens are at stake, is unconstitutionally vague and the Court should declare it to be so.

16

PRAYER FOR RELIEF

Wherefore, Plaintiff Shawn Blas, on behalf of himself and other similarly situated, pray

for judgment against the Defendants and request that the Court:

A. Declare Executive Order 2023-130 and the September 8, 2023 PHO unconstitutional
   as it applies to the right to bear arms in non-sensitive public places and permanently
   enjoin Defendants from enforcing that aspect of those orders;

B. Issue an order declaring this action to be a proper class action, appointing Rothstein
   Donatelli LLP as Class Counsel and Plaintiff Shawn Blas as the Class Representative;
   and requiring Defendants to bear the cost of class notice;

C. Issue an order awarding Plaintiff Shawn Blas and the proposed class members
   compensatory and punitive damages in an amount to be determined by the Court;

D. Issue an order awarding attorneys' fees and costs to Plaintiff Blas and the class;

E. Provide any equitable relief as may be just under the circumstances of this case.

JURY DEMAND

Plaintiff Shawn Blas, on his behalf as well as those similarly situated, demands a jury

trial on all issues so triable.

Respectfully Submitted,

ROTHSTEIN DONATELLI LLP

Marc M. Lowry
500 4th Street NW, Suite 400
Albuquerque, New Mexico  87102
(505) 243-1443
mlowry@rothsteinlaw.com

*Attorney for Plaintiff Shawn Blas*
*and the Proposed Plaintiffs Class*

17

## VERIFICATION OF THIS CIVIL COMPLAINT

STATE OF NEW MEXICO              )

                                 ) ss

COUNTY OF BERNALILLO             )


     I, Shawn Blas, being first duly sworn and under penalty of perjury, hereby verify under Fed. R. Civ. P. 65(b)(1)(A) that I am the proposed lead Plaintiff for the class in this class action lawsuit.  I have read the foregoing civil complaint and I know and understand its contents.  The information contained herein is true and correct to the best of my knowledge, information, and belief.


Signed,

SHAWN BLAS


     SUBSCRIBED AND SWORN TO before me this 10th day of September, 2023.

State of New Mexico
Notarial Officer
Marc Lowry
12086
New Mexico

Notary Public

My Commission Expires: N/A

18

CERTIFICATION OF UNDERSIGNED COUNSEL

Under Fed. R. Civ. P. 65(b)(1)(B), undersigned counsel certifies that he attempted to contact the individual Defendants over the weekend by calling their respective places of employment but only reached answering machine at the Office of the Governor and found that Patrick M. Allen does not have a listed number on the New Mexico Department of Health's website.[3]  Given the exigent nature of the relief requested and the clear and unequivocal right of Plaintiff Shawn Blas and similarly situated individuals to have their Second Amendment rights immediately restored so they can exercise their constitutionally guaranteed right to bear arms in non-sensitive public places for self-defense as articulated in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022), the Court should not wait for formal notice to be provided to Defendants before issuing an *ex parte* emergency temporary restraining order.

Marc M. Lowry
500 4th Street NW, Suite 400
Albuquerque, New Mexico  87102
(505) 243-1443
mlowry@rothsteinlaw.com

*Attorney for Plaintiff Shawn Blas*
*        and the Proposed Plaintiffs Class*

---

[3]  *See* https://www.nmhealth.org/contact/staff/ (last visited on September 10, 2023)

19